```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| **MICHELE F. O'BRYAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 5305 |
| | ) |
| **POSTRACK TECHNOLOGIES, INC.,** | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

PosTrack Technologies, Inc. ("PosTrack") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it and four individuals by its former executive employee Michele O'Bryan ("O'Bryan"). This memorandum opinion and order is issued sua sponte because that responsive pleading gets a failing grade in Federal Pleading 101 in a number of respects -- indeed, in some ways it is almost a poster child for how not to plead under the Federal Rules of Civil Procedure ("Rules").

To begin with, PosTrack's counsel have gotten the notion somewhere that the appropriate way to respond to any paragraph in a complaint is to begin in this way:

> PosTrack denies the allegations made and contained in Paragraph -- of the Complaint, except to admit that....

That convoluted locution, rather than the type of straightforward admission or denial contemplated by Rule 8(b)(1)(B) and 8(b)(4), puts the reader to the time-consuming task of trying to parse every snippet of a plaintiff's allegations, only to learn in some

situations that nothing has really been denied at all. When counsel returns to the drawing board as she must, that format has to be abandoned.

Another inappropriate -- and wrong -- usage in the Answer is its characterization of nearly everything in sight as "a legal conclusion to which no response is required" (see, e.g., Answer ¶¶7, 9-13, 32-35 and 38-41). First of all, the statement that no response is called for is incorrect -- see App'x ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), as well as some examples in the forms contained in the Appendix to the Rules, which Rule 84 sets out as models.

Next, Answer ¶¶7, 22 and 23 inexplicably depart from the roadmap that Rule 8(b)(5) has plainly marked out to serve as a disclaimer when one is called for. Then, having done so, PosTrack's counsel proceeds to deny the disclaimed allegation. That is of course oxymoronic -- how can a party that must assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the denial is stricken from each of those paragraphs of the Answer.

PosTrack's purported ADs are flawed as well. Here are the problems there:

    1. AD 1 is impermissibly vague. If O'Bryan has indeed not complied with any statutory prerequisite to

- 2 -

suit or has missed the statute of limitations, notice pleading principles (which are incumbent on defendants as well as plaintiffs) demand that such an assertion be fleshed out by specifying just what the defects are. Only if that is done can O'Bryan's counsel and this Court determine whether this action should be narrowed (or perhaps dispatched entirely).

    2. AD 2 impermissibly violates the requirement that any AD must accept a plaintiff's allegations as gospel, but must then identify why defendant is nevertheless not liable or, perhaps, is liable for less than what is claimed -- see App'x ¶5 to State Farm.

    3. AD 3, which is the equivalent of a Rule 12(b)(6) motion, is dead wrong.

    4. AD 4 is almost certainly the product of speculation rather than being based on factual knowledge, and hence it runs afoul of Rule 11(b).

    5. AD 5 is wholly unnecessary. If and when some other AD may possibly emerge, PosTrack will have to bring it on by motion in any event.

In light of the pervasiveness of the flaws described here, the entire Answer and ADs are stricken, but with leave granted to submit an appropriate responsive pleading on or before October 1, 2012. No charge is to be made to PosTrack by its counsel for the

added work and expense incurred in correcting counsel's errors. PosTrack's counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                                Milton I. Shadur
                                                        Senior United States District Judge

Date: September 21, 2012